633 So.2d 237 (1993)
Jane DOE, et al.
v.
OUR LADY OF THE LAKE HOSPITAL, et al.
No. 92 CA 1940.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Writ Denied February 11, 1994.
Robert L. Raborn, Baton Rouge, for plaintiff-appellant Jane Doe, et al.
*238 Linda G. Rodrigue, Michelle O. Lorio, Baton Rouge, for defendant-appellee Dr. Redfield E. Bryan, Jr., and Our Lady of the Lake Hosp.
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
On the morning of May 5, 1982, Brenda Willis was seen in the Emergency Room of Our Lady of the Lake Hospital (OLL) complaining of severe pains upon urination. She was admitted to OLL by Dr. James R. Hatcher and was scheduled later that morning for an IVP (intravenous pyelogram). Her regular treating physician was Dr. Redfield E. Bryan, Dr. Hatcher's associate. Dr. Bryan saw Ms. Willis on the morning of May 5, 1982, prior to the IVP. After the IVP was performed, Ms. Willis was returned to her hospital room. At approximately 11:30 a.m. she was allegedly told by a hospital employee to get out of bed, to go to the bathroom and wash herself. Ms. Willis allegedly protested stating that she was unable to do so without assistance; but the staff refused to assist her. She allegedly fainted or fell while alone in the bathroom, injuring her back and right leg. She remained in the hospital for further treatment of her urological problem. On May 7, 1982, Dr. Bryan performed a urethrotomy on Ms. Willis. She was discharged from OLL on May 8, 1982.
On May 3, 1983, Ms. Willis filed a petition of malpractice with the State Insurance Commissioner (Commissioner), lodged as complaint number 83-216, naming OLL as the sole defendant. The action was based on the hospital's alleged negligence which led to Ms. Willis falling and injuring her back and leg on May 5, 1982. On September 10, 1985, Ms. Willis filed a first supplemental and amending petition with the Commissioner, in action number 83-216, naming Dr. Bryan as an additional defendant. Plaintiff alleged that Dr. Bryan knew of Ms. Willis' propensity to faint when undergoing operative procedures, including an IVP, and Dr. Bryan "negligently omitted informing and instructing the hospital staff of the tendency of Ms. Willis to faint and experience severe muscle spasms after an operative or IVP procedure and further failed to make the proper entries concerning plaintiff in the hospital records" (claim no. 1). Plaintiff also alleged fault on the part of Dr. Bryan in performing a cystoscopy on Ms. Willis on May 7, 1982, without obtaining Ms. Willis' informed consent to the procedure, i.e., Dr. Bryan failed to adequately inform her of the risks associated with the procedure as well as alternative methods of treatment (claim no. 2). In the third claim plaintiff alleged Dr. Bryan had previously performed urethrotomies in January, 1978 and November, 1981. Dr. Bryan was at fault in performing the urethrotomy of May 7, 1982, because the procedure was "unwarranted and potentially harmful" to plaintiff given the fact that it was the third such procedure to be performed on her within a short period of time (claim no. 3).
On October 10, 1985, Dr. Bryan filed a "Petition for Injunctive Relief and Exception of Prescription of Medical Review Panel Proceeding" in the Nineteenth Judicial District Court, lodged as suit number 293,858. Therein Dr. Bryan raised the objection of prescription as a defense to the second and third claims alleged in Ms. Willis' first supplemental and amending petition, action no. 83-216, which had been filed with the Commissioner regarding the cystoscopy and the urethrotomy performed on May 7, 1982 and the previous urethrotomies (claims nos. 2 and 3). He also sought to have the court enjoin the medical review panel from considering the prescribed claims. Judgment maintaining the objection of prescription and enjoining the medical review panel from considering the prescribed claims (nos. 2 and 3) was rendered on November 15, and read and signed on November 27, 1985. No appeal was taken from the judgment.
On May 2, 1986, plaintiff filed a petition in the Nineteenth Judicial District Court, lodged as suit number 301,336, to annul the judgment and for attorney fees and costs. No further action was taken on this suit. On July 1, 1986, having considered only the first claim against Dr. Bryan, the medical review panel ruled in favor of Dr. Bryan.
On September 26, 1986, Ms. Willis filed a "Petition of Malpractice" in the Nineteenth *239 Judicial District Court, suit number 306,989, encaptioned Jane Doe, et al. v. Our Lady of the Lake Hospital, Redfield E. Bryan, Jr. and Lynnwood J. Brassett. The claims alleged against Dr. Bryan in suit number 306,989 were basically the same three claims initially alleged against him by Ms. Willis in complaint number 83-216, which had been filed with the Commissioner.
Service was withheld until October 4, 1991. After being served with the suit, Dr. Bryan filed a pleading entitled "Defendant, Dr. Redfield E. Bryan, Jr.'s Motion to Dismiss on Grounds of Abandonment, or in the Alternative, Exception of Prescription, or in the Further Alternative, Peremptory Exception of Nullity, or in the Further Alternative, Exception of Res Judicata." OLL filed similar pleadings. After a hearing on the matter, judgment was rendered in favor of Dr. Bryan maintaining the peremptory exception raising the objection of res judicata regarding the second and third claims alleged against him. Ms. Willis has appealed. The sole issue before us is whether the objection of res judicata was correctly sustained.
Plaintiff contends in brief that res judicata does not bar the case before us because in suit numbers 306,989 and 293,858:
a) The parties are different, and they appear in different capacities. In the first case Dr. Bryan is the only plaintiff, and Brenda Willis is the only defendant. In the second case, Brenda Willis is the plaintiff and there are now (3) defendants.
b) The object is different in each case. In the first case the plaintiff sought an injunction as to what the medical review panel would hear, and in the second case, the plaintiff is seeking damages as the result of acts of medical malpractice.
c) The cause of action is different in each case. In the first case the plaintiff avers a right based on non-solidarity and prescription; and in the second case the plaintiff avers an act of medical malpractice cause[d] her damages. (emphasis original).
It is uncontested that La.R.S. 13:4231 prior to its amendment by La. Acts 1990, No. 521, Sec. 1, is applicable to the case before us. That statute, prior to its amendment, read as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Under the former law, re-litigation of the object of a judgment is precluded when there is identity of parties, identity of cause and identity of the thing demanded. Doyle v. State Farm (Mutual) Insurance Co., 414 So.2d 763 (La.1982).
By definition, an exception is a defense used by the defendant in the principal or incidental action "to retard, dismiss, or defeat the demand brought against him." La. C.C.P. art. 921. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.
"No technical forms of pleading are required...." La.C.C.P. art. 854. Further, "[e]very pleading shall be so construed as to do substantial justice." La.C.C.P. art. 865. The nature of a pleading must be determined by its substance, not its caption. Bonaventure v. Pourciau, 577 So.2d 742 (La.App. 1st Cir.1991). A qualified health care provider against whom a claim is made pursuant to La.R.S. 40:1299.41-48 may raise the objection of prescription in a court of competent jurisdiction and proper venue "at any time without need for completion of the review process by the medical review panel." La. R.S. 40:1299.47(B)(2)(a).
The pleading filed by Dr. Bryan in the Nineteenth Judicial District Court, suit number 293,858, was entitled "Petition for Injunctive Relief and Exception of Prescription of Medical Review Panel Proceeding. (emphasis ours). Therein, Dr. Bryan referred to the three causes of action alleged against him in the first supplemental and amending petition of Ms. Willis filed with the Commissioner of Insurance (complaint no. 83-216). Dr. Bryan *240 prayed that the district court grant the "exception of prescription" with respect to the 2nd and 3rd claims and enjoin the medical review panel from considering those claims.
The judgment rendered in suit number 293,858 states in pertinent part:
THIS MATTER came on for hearing, pursuant to previous assignment, on the petition for injunctive relief and exception of prescription of Medical Review Panel proceeding filed on behalf of Redfield E. Bryan, M.D. on November 15, 1985, before the Honorable Leo Higginbotham, Judge, presiding.
. . . .
IT IS ORDERED that the exception of prescription is maintained and that the Medical Review Panel is enjoined from considering all those claims against Redfield Bryan, M.D., except the claim that he was negligent in failing to inform the hospital staff of Our Lady of the Lake, Inc., of the alleged tendency to faint after an operative procedure of defendant, Brenda J. Willis. (Emphasis ours).
Under former La.R.S. 13:4231, the words "cause" or "cause of action" are analogous to "theory of recovery." See Cantrelle Fence and Supply Co., Inc. v. Allstate Insurance Co., 515 So.2d 1074 (La.1987). Thus, Dr. Bryan's pleadings in suit number 293,858 were brought in his capacity as a defendant in complaint number 83-216 filed with the Commissioner, which was the subject of the medical review panel proceeding. The pertinent cause or theory of recovery in suit number 306,989 is the alleged medical malpractice of Dr. Bryan involving the same basic three claims alleged against him in complaint number 83-216. The cause or theory of recovery in suit number 293,858 is Dr. Bryan's defense to those malpractice allegations. The parties are the same and appear in the same capacities: Ms. Willis is the plaintiff seeking damages for the alleged medical malpractice of Dr. Bryan. Dr. Bryan is a defendant to the claims of malpractice alleged against him by Ms. Willis. The inclusion of Dr. Bryan's plea for injunctive relief in suit number 293,858 does not negate the fact that in this pleading, Dr. Bryan also filed the peremptory exception raising the objection of prescription to the second and third claims of malpractice alleged by Ms. Willis in complaint number 83-215 filed with the Commissioner for review by the medical review panel.
Having found identity of cause and of the thing demanded in suits numbers 306,989 and 293,858 we also find the identity of parties in the same capacity. The fact that the parties to suit number 306,989 are a single plaintiff, Ms. Willis, and three defendants OLL, Dr. Bryan and Dr. Brassett; whereas the parties in suit number 293,858 are Dr. Bryan and Ms. Willis, will not defeat the application of res judicata. See Lowe v. Rivers, 445 So.2d 105 (La.App. 2d Cir.1984). Accordingly, we affirm the trial court's judgment sustaining the objection of res judicata. Costs are assessed against appellant.
AFFIRMED.