701 So.2d 744 (1997)
Rudolph WILLIAMS and Margaret Williams, on Behalf of Themselves and Their Minor Son, Nicholas Troy Williams
v.
OCHSNER CLINIC, A Professional Corporation, and Dr. Naglaa A. Shourbaji.
No. 97-C-2275.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1997.
David L. Browne, William T. Finn, New Orleans, for Relators.
Charles F. Gay, Jr. Cristina R. Wheat, Adams and Reese, New Orleans, for Respondents.
Before BYRNES, JONES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Rudolph and Margaret Williams, individually and on behalf of their minor child, Nicholas Troy Williams, seek review of the trial court's judgment maintaining an exception of improper venue filed by defendants, Ochsner Clinic and Dr. Naglaa A. Shourbaji, and transferring the Williams's lawsuit to the Twenty-Fourth Judicial District Court.

STATEMENT OF FACTS
The Williamses filed suit in Orleans Parish against Dr. Shourbaji, Nicholas's former pediatrician, and Ochsner Clinic, where Dr. Shourbaji practiced medicine at the time she treated Nicholas. Ochsner Clinic, a Louisiana partnership, has its principal business establishment in Jefferson Parish, at 1514 Jefferson Highway, where Dr. Shourbaji's examination and treatment of Nicholas occurred. There is no allegation that Ochsner or Dr. Shourbaji performed any medical examination or treatment of the child in Orleans Parish.
According to the petition, the Williamses allege that Nicholas was born in 1982 at Hale *745 County Hospital in Mobile, Alabama. He was born with hypospadias, a disorder of the urethra in which the meatus, or opening in the penis, is not located at the end, but rather on the ventral surface or underside of the child's penis. This condition was not diagnosed at Hale, and his parents were never informed of the condition.
Four years later, after the Williamses had moved to Louisiana, Nicholas became the patient of Dr. Shourbaji at the Ochsner Clinic, where she saw him routinely from 23 April 1986 until 5 October 1992. The Williamses allege that Dr. Shourbaji never thoroughly examined the boy's genitals and never diagnosed his hypospadias.
Two years later, on 5 August 1994, the Williamses brought their son to Dr. Cecily Poree-Turner, who diagnosed the condition and referred the child to a pediatric urologist for surgical treatment. The Williamses seek damages they allege were caused by the delay in the diagnosis of their son's condition and surgery.
A Medical Review Panel convened in early 1997 unanimously found that the evidence supported the conclusion that Dr. Shourbaji and Ochsner Clinic as her employer breached their duty of care to the Williamses and, particularly that Dr. Shourbaji's failure to diagnose Nicholas's hypospadias constituted a deviation from the applicable standard of care.

ANALYSIS
The Williamses suggest that venue in Orleans Parish is proper under La. C.C.P. art. 74, which provides that "[an] action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." They contend that all their damages were sustained in Orleans Parish where they reside and where the child underwent surgery to repair the congenital defect Dr. Shourbaji failed to diagnose.
However, Ochsner and Dr. Shourbaji correctly note that the Williamses sustained damages in Jefferson Parish when Dr. Shourbaji allegedly failed to properly examine and diagnose the child.
When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish, and no other, is the parish where the damages were sustained. That parish only is the parish of proper venue under La. C.C.P. art. 74. Chambers v. LeBlanc, 598 So.2d 337 (La. 1992); Belser v. St. Paul Fire & Marine Ins., 509 So.2d 12 (La.App. 1 Cir.1987). Where no damages are caused to the plaintiff in the parish where the wrongful conduct occurred, a parish where the damages were sustained is a proper venue under article 74. Belser. Damages are sustained as the result of wrongful conduct in that parish where they first arose or, in the case of bodily injury, where the conditions have been set in motion within the body which will eventually evolve into the injury or damage complained of. In re Medical Review Panel of Bechet, 609 So.2d 982 (La.App. 4 Cir.1992), writ granted in part and judgment amended on other grounds, 612 So.2d 71 (La.1993).
In Bechet, the plaintiff was hospitalized in Jefferson Parish for the birth of her child. The defendant physicians and hospital (which were not domiciled in Orleans Parish) failed to note the plaintiff's Rh negative status and failed to order the administration of Rho GAM within seventy-two hours of the delivery. The defendants' negligence resulted in the plaintiff's sensitization and increased risk of a blood incompatibility in later pregnancies. Plaintiff filed suit in Orleans Parish alleging she was domiciled in Orleans Parish and damages were sustained in Orleans Parish. This Court determined that venue was not proper in Orleans Parish as plaintiff's damages were initially sustained when the defendants failed to note that plaintiff was Rh negative and failed to administer the RhoGAM in Jefferson Parish. The Court held that "[t]hese failures coupled with the physical conditions created in Mrs. Bechet's body by the birth of the baby in Jefferson Parish evolved organically, inevitably, and without interruption into Rh factor sensitization which is the essence of plaintiff's complaint." Bechet, at 984. The Court concluded venue was proper in Jefferson Parish as that is where the wrongful conduct occurred *746 and where the alleged damages were sustained.
In the present case, the wrongful conduct and initial damage occurred in Jefferson Parish each time Dr. Shourbaji examined Nicholas and failed to diagnose the congenital deformity. Although the Williamses allege that the diagnostic failure resulted in damages which included surgery on the child in New Orleans and emotional damages suffered in New Orleans, as we said in Bechet, defendants' alleged failure to diagnose the child's congenital deformity set in motion conditions which resulted in plaintiffs' alleged injuries. The alleged wrongful conduct and the Williamses's initial damages were sustained in Jefferson Parish. Under La. C.C.P. art. 74, Jefferson Parish is the only parish of proper venue. The trial court did not err when it maintained defendants' exception of improper venue and transferred the action to Jefferson Parish.

CONCLUSION
The judgment of the trial court maintaining exceptions of improper venue as to Ochsner Clinic and Dr. Naglaa A. Shourbaji and transferring this civil suit to the Twenty-Fourth Judicial District Court for the Parish of Jefferson is affirmed.
WRIT GRANTED. JUDGMENT AFFIRMED.