| .EDWARDS, Judge.
Defendant Dr. Terry Frieberg appeals a judgment of the district court granting an exception of improper venue in favor of plaintiff Cleoria Small. We affirm.
On December 27, 1996, Mrs. Small filed a claim for medical malpractice with a medical review panel in accordance with La. R.S. 40:1299.41 et seq. She alleged that Dr. Frieberg failed to properly treat her foot, which failure resulted in an infection necessitating the partial amputation of her right leg. On November 14, 1997, Dr. Frieberg filed a pleading entitled “Petition to Have Suit Number Assigned And Motion For Summary Judgment.” In that petition defendant alleged that the action against him was prescribed and that a motion for summary judgment dismissing the malpractice claim should issue. Subsequently, in February of 1998, defendant filed in that same action an exception of prescription and a motion to have the exception set for hearing along with the | .motion for summary judgment.
On March 3, 1998, in response to the defendant’s actions, Mrs. Small filed a dec-linatory exception of improper venue, averring that the alleged malpractice occurred, and the damages were sustained, in Orleans Parish. It was further averred that the defendant is not domiciled in Jefferson Parish.
Dr. Frieberg filed an amended petition, stating that he resides and is domiciled in Jefferson Parish. After the taking of evidence and hearing argument of counsel, the trial court granted the exception of improper venue and dismissed Dr. Frie-berg’s action. He appeals.[1]
The record on appeal discloses that Mrs. Small filed a petition for damages in the malpractice action on December 8, 1997, in the Civil District Court for the Parish of Orleans. Dr. Frieberg filed an answer, exceptions of lis pendens and prescription in that proceeding. The record also evidences that the Medical Review Panel issued its opinion in favor of defendant on November 13,1997.
The evidence in the record shows that Dr. Frieberg has two offices, one in New Orleans and one in Metairie. Plaintiff was treated by defendant in his New Oi-leans office. Plaintiff resided in Orleans Parish during the period of her worsening infection and subsequent amputation. She was treated, and her leg amputated, at Touro Hospital in New Orleans.
Under La.R.S. 40:1299.47(B)(2):
*1275 (a) A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or | ¿defenses available pursuant to R.S. 9:5628 [2]n a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
(b) If the court finds that the claim had prescribed or otherwise was per-empted prior to being filed, the panel, if established, shall be dissolved.
(Emphasis supplied)
The Medical Malpractice Act requires pre-trial review by a medical review panel. R.S. 40:1299.47 establishes procedures for that panel. The review panel is a pre-trial screening procedure designed to give both parties a preliminary view of the merits of the case. Everett v. Goldman, 859 So.2d 1256, 1264 (La.1978); Rowsey v. Jones, 26,823 (La.App. 2nd Cir. 5/10/95), 655 So.2d 560. Section (B)(2) affords the defendant health care provider a mechanism by which he may bring an exception of prescription in the district courts prior to the filing of a suit. Under the statute the defendant who successfully argues prescription may have the medical review panel dissolved upon proof that the underlying claim has prescribed. A defendant may be discharged from having to defend on the merits a claim which has legally prescribed. A judgment in favor of the health care provider in such pre-suit proceedings is res judicata in a subsequent malpractice action. See Doe v. Our Lady of Lake Hosp., 633 So.2d 237, (La.App. 1st Cir.1993).
We agree with the reasoning of the Fourth Circuit, which stated in In re Medical Review Panel for Claim of Dede, 98-0830 (La.App. 4th Cir. 5/20/98), 713 So.2d 794, that “the statute appears to suggest that a ruling on an exception of prescription should occur prior to the completion of the medical review panel since the exception, if meritorious, would dissolve the medical review panel.” | Id., at pp. 795-96. We find that an exception filed under this section is a pre-suit pleading, designed to determine the viability of proceedings in the medical review panel; thus, such exception cannot establish venue for the plaintiffs malpractice action.[3]
In the present case the action in the Twenty-Fourth Judicial District Court was filed the day after the review panel issued its ruling. As we perceive the present matter, Dr. Frieberg has lost no opportunity afforded to him under the statute since the panel proceedings were completed prior to the filing of his exception.
Our examination of the applicable statutes convinces us that R.S. 40:1299.47(B)(2) does not operate to alter or supercede the venue rules established in the Code of Civil Procedure. The general rules of venue are that an action against an individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence. La.Code Civ.Pro. art. 42. The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law. Code Civ. Pro. art. 43. Code Civ. Pro. art. 74 states:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrong *1276 ful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
When damage is caused to the plaintiff in the parish where the wrongful | flConduct occurred, then that parish, and no other, is the parish where the damages were sustained. That parish only is the parish of proper venue under La. C.C.P. art. 74. Chambers v. LeBlanc, 598 So.2d 337 (La.1992); Williams v. Ochsner Clinic, 97-2275 (La.App. 4th Cir. 10/29/97), 701 So.2d 744; Belser v. St. Paul Fire & Marine Ins., 509 So.2d 12 (La.App. 1st Cir. 1987).
In the present case, Mrs. Small was treated by Dr. Frieberg in New Orleans, where she resided and where she ultimately underwent amputation. Orleans Parish is the parish of proper venue for her malpractice action. Defendant may, and indeed has, asserted his exception of prescription in that action.
For all of the above reasons, we find no manifest error in the judgment of the trial court dismissing Dr. Frieberg’s action and in maintaining plaintiffs exception to venue. Defendant is assessed all costs of this appeal.
AFFIRMED.

. There is a judgment in the record signed on March 25, 1998, sustaining the motion for change of venue and dismissing defendant's motions. Another judgment to the same effect was signed on April 6, 1998. Because the second judgment does not appear to have resulted from any post trial motions, we consider the first judgment to be the one on appeal.

. La. R.S. 9:5628 states that an action for medical malpractice must be brought within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. In all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

. In so construing the statute we note that this section requires filing of such pleadings in a court of proper venue, as distinguished from section (D)(4) which permits any party or any two panel members to request the clerk of any district court to issue subpoenas for discovery purposes.