|! JONES, Judge.
Plaintifi/appellant, Richard T. Williams, appeals the judgment of the trial court, which granted an Exception of Improper Venue relative to his claim for worker’s compensation benefits. After a review of the record, we affirm the judgment of the trial court.

FACTS

On March 3, 1997, the plaintiff, Richard Williams, was injured during the course and scope of his employment with Delta Beverage Group (Delta). Immediately after the incident, Mr. Williams was rushed to River Parishes Hospital where Dr. Christy Montegut treated him for his injuries. During his treatment, Dr. Monte-gut conducted a blood-alcohol test, which was customary for injuries like the one Mr. Williams sustained. Once Dr. Monte-gut received the results of Mr. William’s blood-alcohol test, he determined that the plaintiff was legally intoxicated at the time of the injury. The results were later communicated to Delta, who subsequently terminated Mr. Williams’ employment for violating company policy. Delta also discontinued all workers’ compensation benefits and medical treatment.
laOn December 1, 1997, Delta’s attorney conceded that Dr. Montegut’s initial reading of the plaintiffs blood-alcohol test was incorrect. In fact, the results of the test were negative for alcohol. As a result of the misdiagnoses, plaintiff filed suit against Dr. Montegut in Orleans Parish for breaching his standard of care and for *330 inaccurately reporting the results of his blood-alcohol test which ultimately cost him his job as well as terminated his claim for worker’s compensation benefits and medical treatment. Plaintiff also sought damages for pain and suffering and emotional distress. As a precaution, plaintiff also filed a complaint with the Medical Review Board because of Dr. Montegut’s conduct.
On March 3, 1998, Delta filed a Petition for Intervention in Orleans Parish seeking reimbursement from River Parishes Hospital, the facility that contracted Dr. Mon-tegut’s services, United Health Services of New Orleans, Inc. (UHS), the owner of River Parishes Hospital, and Dr. Monte-gut, as the agent for River Parishes Hospital. According to the Petition for Intervention, Delta alleges that its contractual relationship with River Parishes Hospital entitled them to be reimbursed in preference and priority from the proceeds of the judgment in favor of the plaintiff as a result of Dr. Montegut’s negligent actions.
On March 23, 1998, plaintiff filed a Motion for Declaratory Judgment in Orleans Parish seeking to have the Civil District Court declare that it has jurisdiction to hear this matter and not the Medical Review Board.[1] However, the trial court denied the motion on the same date because the request for declaratory judgment should have been filed as a separate petition.
| a Approximately four days after the trial court denied the plaintiffs Motion for Declaratory Judgment, Dr. Montegut filed a Declinatory Exception of Improper Venue alleging that proper venue for this matter was in St. John the Baptist Parish pursuant to LSA-C.C.P. art. 74. The plaintiff was served with a copy of Dr. Montegut’s exception on April 8, 1998. Plaintiff subsequently filed a Motion for Summary Judgment and a separate Motion for Expedited Hearing. In the Motion for Summary Judgment, the plaintiff requested that the trial court dismiss his medical malpractice claim with the Medical Review Board. In the Motion for Expedited Hearing, the plaintiff requested that the trial court timely rule on the issue of jurisdiction in order to avoid “protracted and unnecessary litigation.” Additionally, UHS filed a Declinatory Exception of Improper Venue as to Delta’s Petition for Intervention. Delta was served with UHS’s exception on April 24, 1998. According to the record, the trial court scheduled a hearing date of May 1, 1998 for the exceptions filed by Dr. Montegut and UHS, and for both motions filed by the plaintiff.
Following oral arguments from UHS’s counsel on May 1, 1998, the trial court granted UHS’s Exception of Improper Venue and dismissed the entire matter considering that Delta had filed an identical lawsuit in St. John the Baptist Parish. As a result, the trial court did not decide the merits of the plaintiffs Motion for Summary Judgment.[2] From this judgment the plaintiff filed the instant appeal.

VENUE

In his sole assignment of error, plaintiff argues that the trial court committed reversible error in granting UHS’s Exception of Improper Venue without deciding |4the merits of his Motion for Summary Judgment. He also argues that though Dr. Montegut treated him in St. John the Baptist Parish, damages were actually sustained in Orleans Parish. He argues that once Dr. Montegut’s report was submitted into evidence at the work *331 er’s compensation hearing, the worker’s compensation judge denied his right to worker’s compensation benefits and medical treatment. Thus, he argues that venue was proper in Orleans Parish because his damages were sustained this parish.
In rebuttal, Dr. Montegut argues that the trial court was correct in deciding the Exception of Improper Venue in priority to the plaintiffs Motion for Summary Judgment. He argues that it would have been unreasonable for the trial court to entertain whether the Medical Review Board had jurisdiction over his medical malpractice complaint if venue was proper in another parish. Moreover, Dr. Monte-gut argues that venue was indeed proper in St. John the Baptist Parish since this was the parish where he examined the plaintiff, conducted the blood-alcohol test and made his diagnosis. Hence, he argues that the trial court’s judgment should be affirmed. We agree.
LSA-C.C.P. art. 74 permits a claimant who filed suit in tort for the recovery of damages to prosecute his action in the parish where the wrongful conduct occurred or in the parish where damages were sustained. However, when the damages and the wrongful conduct occur in separate parishes, then the parish where the wrongful conduct occurred is the only parish of proper venue. Williams v. Ochsner Clinic, 97-2275 (La.App. 4 Cir. 10/29/97), 701 So.2d 744, writ denied 97-2908 (La.2/20/98), 709 So.2d 774.
In Williams, the plaintiff was born in Alabama with a medical disorder, but the doctors did not discover the disorder following his birth. Subsequently, he and his parents moved to Louisiana and he was placed under the care of a physician at the Ochsner Clinic (Ochsner) in Jefferson Parish. The physician at Ochsner treated the plaintiff for six years; however, he too did not discover the disorder. Two years after the plaintiff left the care of the physician at Ochsner, he began treatment with a physician in Orleans Parish. The physician in Orleans Parish discovered the disorder and referred the plaintiff to a specialist for surgical treatment.
The plaintiffs parents filed suit in Orleans Parish against Ochsner for failure to diagnose the plaintiffs disorder. Ochsner filed a Declinatory Exception of Improper Venue, which the trial court sustained. On appeal, this Court affirmed the judgment of the trial court after concluding that the wrongful conduct and the initial damages sustained by the plaintiff occurred in Jefferson Parish, not in Orleans Parish where the disorder was detected and surgery performed. Therefore, we opined that when the wrongful conduct and the discovery or manifestation of the damages from the wrongful conduct occurs in separate parishes, then the parish where the wrongful conduct occurred is the “only parish of proper venue.” Williams, 701 So.2d at 745.[3]
In the case sub judice, the plaintiff was employed and injured in St. John the Baptist Parish. Further, Dr. Montegut, who is a St. John the Baptist Parish domiciliary, treated the plaintiff and executed a report regarding the plaintiffs blood-alcohol content in St. John the Baptist Parish. Accordingly, St. John the Baptist Parish is the parish of proper venue and the plaintiffs argument that |fiOrleans Parish is proper venue for this matter because his claim was denied in Orleans Parish is without merit.
Having found that St. John the Baptist Parish is the parish of proper venue for this matter, we pretermit any discussion regarding the trial court’s decision not to entertain the plaintiffs Motion for Summary Judgment prior to ruling on the Declinatory Exception of Improper Venue. *332 We also pretermit discussion of whether the plaintiff received a timely “Notice of Signing of the Judgment” in the trial court since these issues are dismissed as moot by this opinion.

DECREE

For the foregoing reasons, the judgment of the trial court sustaining the Declinato-ry Exception of Improper Venue is hereby affirmed.
AFFIRMED.

. As authority for his contention, the plaintiff attempted to dismiss his complaint with the Medical Review Board after learning that he was not considered a "patient” under the Medical Malpractice Act. See Price v. City of Bossier City, 96-2408 (La.5/20/97), 693 So.2d 1169, 1172.

. The record indicates that plaintiffs counsel was not present for the May 1 st hearing; however, it does appear that plaintiff's counsel was aware that the declinatory exceptions were scheduled to be heard on this date.

. See Johnson v. Tschim, 94-0085 (La.App. 4 Cir. 2/25/94), 635 So.2d 254, writ denied, 94-1543 (La.9/23/94), 642 So.2d 1300. See also In re Medical Review Panel of Bechet, 609 So.2d 982 (La.App. 4 Cir.1992), writ granted in part and judgment amended on other grounds, 612 So.2d 71 (La.1993).