| | |
|---|---|
| ERIC AGUILUZ, ET AL. | NO. 24-C-246 |
| VERSUS | FIFTH CIRCUIT |
| BP PRODUCTS NORTH AMERICA, INC, ET AL. | COURT OF APPEAL |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ August 14, 2024 _____

Linda Wiseman
First Deputy Clerk

**IN RE** ERIC AGUILUZ, CHRISTIAN AGUILUZ-RAMOS AND NEYDA AGUILUZ, INDIVIDUALLY AND SURVIVING SPOUSE OF DECEDENT, WILLIAMS JOSE AGUILUZ, AND ON BEHALF OF THEIR MINOR CHILDREN, JENNYFER AGUILUZ-RODRIGUEZ AND STEPHANIE AGUILUZ

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 839-530

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT DENIED; REMANDED**

In this writ application, relator, Neyda Aguiluz, individually and on behalf

of her minor children, seeks supervisory review of the trial court's April 3, 2024

judgment, which sustained an exception of improper venue filed by defendants,

Chevron U.S.A. Inc., Marathon Oil Company, OXY USA Inc., BP Products North

America, Inc., and BP America Production Company. For the following reasons,

we deny this writ application, and we remand to the trial court for further

proceedings pursuant to La. C.C.P. art. 121.

Relator is the surviving spouse of decedent, William Jose Aguiluz.

According to relator, from 2002 through 2005, Mr. Aguiluz worked for Tuboscope

in pipe cleaning yards in Harvey, Louisiana, where he was exposed to Naturally

Occurring Radioactive Material ("NORM"). In August 2005, after Hurricane

Katrina, decedent transferred to Tuboscope's location in Houston, Texas, where he

worked through 2010. Thereafter, decedent remained in Texas, where on December 15, 2020, he was diagnosed with gastric cancer. He passed away on May 7, 2021, in Texas.

On April 6, 2023, relator filed a petition for damages in the 24th Judicial District Court for Jefferson Parish against defendants, asserting wrongful death and survival claims. The petition provides that venue is proper in Jefferson Parish, pursuant to La. C.C.P. art. 74, because a substantial amount of the tortious conduct and resulting damages occurred in Jefferson Parish due to decedent's work in and around the pipe cleaning yards in Harvey.[1]

On October 25, 2023, relator filed a supplemental and amending petition, asserting she and the children are domiciled in Houston, Texas and, "[a]t all relevant times," relator and decedent resided in Texas. It further provides that decedent suffered significant exposure to NORM in Texas; a significant portion of defendants' tortious conduct, which caused decedent's NORM exposure, occurred in Texas; decedent was diagnosed with gastric cancer, underwent medical treatment, and subsequently died in Texas; and *all* of the damages accrued in Texas. Relator also claims that while venue is proper in Jefferson Parish because some exposure to NORM occurred here, Texas substantive law applies due to the interests of Texas in this lawsuit.

Defendants responded by filing an exception of improper venue, asserting the supplemental and amending petition does not establish a basis upon which venue properly lies in Jefferson Parish. They argue that Jefferson Parish is not a proper venue for relator's wrongful death and survival claims, because while relator asserts that some exposure occurred there, the petitions indicate that

---

[1] Decedent's brothers, Erik Aguiluz and Christian Aguiluz-Ramos, joined relator as plaintiffs in this lawsuit, asserting they also worked at the Tuboscope yard in Harvey and were exposed to NORM. However, defendants filed an exception of improper cumulation, seeking to sever their claims from relator's claims, which was granted by the trial court. This ruling is not at issue in this writ application.

decedent suffered significant exposure to NORM in Texas, and all of the damages, including decedent's death, occurred in Texas.

On March 11, 2024, the trial court held a hearing on defendants' exception of improper venue and took the matter under advisement. The trial court rendered a judgment on April 3, 2024, sustaining the exception, and subsequently issued written reasons for judgment.

In this writ application, relator avers the trial court erred by granting the exception of improper venue, because Jefferson Parish is a proper venue for this lawsuit under La. C.C.P. art. 74. She argues decedent's exposure to NORM started in 2003 at Tuboscope's yard in Jefferson Parish, and La. C.C.P. art. 74 provides that venue is proper "where the wrongful conduct occurred." Although decedent's exposure continued in Texas and he eventually died in Texas from cancer allegedly related to such exposure, relator asserts that when proper venue lies in more than one parish, the plaintiff may choose the venue in which to file suit.[2]

Defendants respond this matter should be litigated in Texas, because relators are domiciled in Texas, the majority of decedent's workplace exposure was in Texas, and all of the damages occurred in Texas. Defendants further contend that if Texas law were to be applied in this matter, as requested by relator, this would create confusion and be unduly prejudicial.[3]

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La. C.C.P. art. 41. The general rules of venue are set forth in La. C.C.P. art. 42, but they are subject to the

---

[2] Relator also asserts the trial court's judgment dismissed only the wrongful death action and not the survival action. We disagree. In defendants' exception of improper venue, they argued that venue was improper as to both the wrongful death and survival actions. The judgment provides that defendants' exception of improper venue is sustained, and does not particularize that it is limited to the wrongful death action. Although the trial court's reasons for judgment specifically state that venue for the wrongful death action is not proper in Jefferson Parish, appellate courts review judgments, not reasons for judgment. *Claiborne Med. Corp. v. Siddiqui*, 12-759 (La. App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112.

[3] Defendants also contend the trial court's judgment sustaining the exception of improper venue is a final judgment that should have been appealed. However, a ruling on venue is an interlocutory judgment. La. C.C.P. art. 1841. Therefore, a litigant must file a supervisory writ in order to receive review of an adverse venue ruling. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36, 40; *Biloxi Cap., LLC v. Lobell*, 17-529 (La. App. 5 Cir. 3/14/18), 241 So.3d 505, 507.

exceptions provided by La. C.C.P. arts. 71-86 and as otherwise provided by law. La. C.C.P. art. 43. A trial court's ruling on an exception of improper venue is a question of law that is reviewed *de novo*. *Seghers v. LaPlace Equip. Co., Inc.*, 13-350 (La. App. 5 Cir. 2/12/14), 136 So.3d 64, 69.

Relator and defendants agree that La. C.C.P. art. 74 applies in this matter to determine venue. This article provides, in pertinent part:

> An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained.

A plaintiff invoking the provisions of La. C.C.P. art. 74 "must allege sufficient facts to prove that the chosen venue is proper." *Sorrento Companies, Inc. v. Honeywell Intern., Inc.*, 04-1884 (La. App. 1 Cir. 9/23/05), 916 So.2d 1156, 1162, *writ denied*, 05-2326 (La. 3/17/06), 925 So.2d 541. For purposes of a venue exception, the allegations of the plaintiffs' petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept as true the allegations of the petition. *Seghers*, 136 So.3d at 69.

In the instant case, relator's writ application does not contain the transcript or a minute entry from the hearing on the exception of improper venue, and there is no showing that defendants introduced any evidence in support of their exception. Accordingly, we accept the allegations in relator's petitions as true.

In her petitions, relator sets forth wrongful death and survival actions against defendants. A wrongful death action, pursuant to La. C.C. art. 2315.2, compensates the statutory beneficiaries for their own injuries suffered as a result of the victim's death. *Walls v. American Optical Corp.*, 98-455 (La. 9/8/99), 740 So.2d 1262, 1269-70. In the present case, the petitions indicate that relator and the minor children are domiciled in Texas, that relator and decedent resided in Texas "at all relevant times," and that all damages were sustained in Texas.

4

A survival action, pursuant to La. C.C.P. art. 2315.1, is based on the decedent's right to recover for pain and suffering being transferred by operation of law to the statutory beneficiaries at death. *Walls*, 740 So.2d at 1274; *Carroll v. Progressive Security Insurance Co.*, 23-374 (La. App. 5 Cir. 3/27/24), 384 So.3d 1146, 1150. In the present case, decedent's diagnosis, treatment, pain and suffering, and death occurred in Texas.

The chief concern of the venue articles is to provide a convenient place for trials. *Keele v. Knecht*, 621 So.2d 106, 111 (La. 1993). In actions for damages, the parish where the damages were sustained is a convenient place for trial. *Id.* When considering the application of La. C.C.P. art. 74, our courts have found that when damage is caused to a plaintiff in a parish where the wrongful conduct has occurred, that parish only is the parish of proper venue. *Chambers v. Leblanc*, 598 So.2d 337 (La. 1992); *Small v. Frieberg*, 98-1223 (La. App. 5 Cir. 5/19/99), 734 So.2d 1273, 1276; *Belser v. St. Paul Fire & Marine Insurance Co.*, 509 So.2d 12, 19 (La. App. 1 Cir. 1987). Where no damages are caused to the plaintiff in the parish where the wrongful conduct occurred, a parish where the damages were sustained is a proper venue under La. C.C.P. art. 74. *Id.*; *Williams v. Ochsner Clinic*, 97-2275 (La. App. 4 Cir. 10/29/97), 701 So.2d 744,745, *writ denied*, 97-2903 (La. 2/20/98), 709 So.2d 774.

Relator's original petition indicates decedent was exposed to NORM in Jefferson Parish from 2003 to 2005, and the exposure continued in Texas from 2005 to 2010. While living in Texas, decedent was diagnosed with gastric cancer in 2020 and died in 2021. Relator's supplemental and amended petition states that decedent's cancer manifested in Texas, and all of the damages accrued in Texas. Both wrongful conduct and damages allegedly occurred in Texas, making it the appropriate venue for relator's wrongful death and survival actions.

After *de novo* review and accepting the allegations of the petitions as true, we find Jefferson Parish is not a proper venue for relator's claims under La. C.C.P. art. 74. Accordingly, we deny this writ application, finding the exception of improper venue was properly sustained.

Although the judgment provides that the exception of improper venue was sustained, it did not indicate whether the case was dismissed or transferred. La. C.C.P. art. 121 provides that when an action is filed in a court of improper venue, the court may dismiss the action, or in the interest of justice, transfer it to a court of proper venue. Therefore, we remand this matter to the trial court for further proceedings pursuant to La. C.C.P. art. 121. *See Creekstone Juban I, L.L.C. v. XL Insurance America, Inc.*, 18-748 (La. 5/8/19), 282 So.3d 1042, 1050.

Gretna, Louisiana, this 14th day of August, 2024.

**FHW**
**SMC**

6

ERIC AGUILUZ, ET AL.                                    NO. 24-C-246

VERSUS                                                   FIFTH CIRCUIT

BP PRODUCTS NORTH AMERICA, INC,          COURT OF APPEAL
ET AL.
                                                         STATE OF LOUISIANA


**GRAVOIS, J., DISSENTS WITH REASONS**


I respectfully dissent from the majority's opinion to deny the writ application. After having carefully reviewed the writ application, the opposition, the reply to the opposition, and the applicable law, I would grant the writ and find that the trial court erred in sustaining defendants' exception of improper venue.

The sole issue under review in this writ application is whether the trial court properly sustained defendants' exception of improper venue. La. C.C.P. art. 74 clearly provides that an action for the recovery of damages for an offense or quasi offense may be brought "in the parish where the wrongful conduct occurred **or** in the parish where the damages were sustained." (Emphasis added.) Accepting the allegations contained in the original and amended and supplemental petitions as true (which we must do under the circumstances presented), it is clear in my opinion that relator has sufficiently alleged facts providing that wrongful (tortious) conduct of defendants occurred in Jefferson Parish (tortious exposure to OGR ("oilfield generated radioactivity"), also referred to as NORM ("naturally occurring radioactive material"), during the years relator's decedent worked at Tuboscope's yard in Jefferson Parish) (*See*, for example, paragraphs 4, 5, 6, 7, 8, 14, 15, and 16 of the original petition). Even though the supplemental and amended petition alleges that relator's decedent was also exposed to OGR/NORM while working for Tuboscope in Texas and all damages occurred in Texas, such facts do not in my opinion totally eliminate Jefferson Parish ("the parish where the

24-C-246

wrongful conduct occurred") as *a proper venue* for relator's claims. In my opinion, defendants' arguments are more applicable and relevant to *forum non conveniens* and choice of laws issues, which are not before us in this writ application.

In conclusion, considering the undisputed facts and circumstances of this case, and accepting the allegations of the petitions under review—that wrongful (tortious) conduct of defendants occurred in Jefferson Parish (tortious exposure to OGR/NORM during the years relator's decedent worked at Tuboscope's yard in Jefferson Parish)—in light of the plain, clear, and unambiguous language of La. C.C.P. art. 74 (that an action for the recovery of damages for an offense or quasi offense may be brought "in the parish where the wrongful conduct occurred **or** in the parish where the damages were sustained" (emphasis added)), I would grant the writ application, reverse the trial court's judgment which sustained defendants' exception of improper venue, deny defendants' exception of improper venue, and remand the matter to the trial court for further proceedings.

**JGG**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **08/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**24-C-246**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)

Michael R. Phillips (Respondent)
Richard S. Pabst (Respondent)

Jeremiah A. Sprague (Relator)
Louis M. Grossman (Respondent)
Jarrett S. Falcon (Relator)
Tyler M. Kostal (Respondent)
Virginia W. Gundlach (Respondent)
Mark L. McNamara (Respondent)
Julie P. Silbert (Respondent)

### MAILED

Michael P. Cash (Respondent)
Wade T. Howard (Respondent)
Attorney at Law
1001 Fannin Street
Suite 1800
Houston, TX 77002

Meghan Smith (Respondent)
Attorney at Law
201 Saint Charles Avenue
Suite 5100
New Orleans, LA 70170

Richard D. McConnell, Jr. (Respondent)
Attorney at Law
Post Office Box 3513
Baton Rouge, LA 70821-3513

Christoffer C. Friend (Respondent)
Attorney at Law
201 Saint Charles Avenue
New Orleans, LA 70170

Timothy J. Falcon (Relator)
Jennifer L. Martin (Relator)
Brennan L. Falcon (Relator)
Cameron J. Falcon (Relator)
Attorney at Law
5044 Lapalco Boulevard
Marrero, LA 70072

Marisa Del Turco (Respondent)
Attorney at Law
201 Saint Charles Avenue
Suite 5100
New Orleans, LA 70130

Lauren R. Bridges (Respondent)
Melanie N. Derefinko (Respondent)
Attorney at Law
701 Poydras Street
Suite 5000
New Orleans, LA 70139