GUIDRY, Judge.
In this suit plaintiff-appellee sought to recover damages resulting from an automobile accident which occurred in the City of Opelousas, St. Landry Parish, Louisiana, on November 7, 1981. The defendant-appellant is a resident of St. Landry Parish, Louisiana. Plaintiff-appellee brought suit in the Parish of Lafayette, Louisiana. In her original petition plaintiff averred that the accident occurred on “Railroad Avenue, Lafayette, Louisiana, near its intersection with Common St.”. Defendant filed an answer to plaintiffs petition generally denying the allegations thereof. Subsequent to the filing of answer, the plaintiff filed a supplemental and amending petition reiterating the allegations of her original petition but alleging that the accident occurred on “Railroad Avenue, Opelousas, Louisiana, near its intersection with Common St.”. Thereafter, defendant-appellant filed a pleading styled “Motion for Summary Judgment” seeking dismissal of this action on the ground that the venue was improper. The trial court, treating the pleading filed by appellant as an exception of venue, overruled same concluding in oral reasons as follows:
“... It is my appreciation of the Civil Code of Procedure, after having thoroughly reviewed all of the exceptions, that defendant in answering the lawsuit made a general appearance. Venue, in this case, in a personal injury lawsuit, is not jurisdictional, and therefore, as I appreciate the law, the filing of an answer was tantamount to waiving the objection to venue, and the Court will therefore proceed with the hearing of this matter.”
After trial of the merits, judgment was rendered in favor of plaintiff and against defendant for the sum of $500.00 plus legal interest from date of judicial demand and all costs. Defendant appeals.
*97 The sole issue on appeal is whether the trial court erred in ruling that defendant had waived his objection to venue.
Defendant argues that the question of venue was not an issue when the answer was filed, it only became an issue when the plaintiff filed an amended petition. Defendant contends that venue cannot be waived before it is made an issue by the pleadings. We disagree.
At the outset, we observe that the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana, was vested with subject matter jurisdiction of this case. La.Const. of 1974 Art. V, Sec. 16.
It is well established that venue is waivable in all cases, except those actions where venue is made jurisdictional by specific articles of our Code of Civil Procedure, and that all objections to venue are raised by the declinatory exception which shall be filed before the answer. Stutts v. Liberty Mutual Insurance Co., 416 So.2d 1326 (La.App. 3rd Cir.1982); La.C.C.P. Arts. 44, 925 and 928.
It is evident that a timely filed exception to venue would have been maintained in this case. La.C.C.P. Arts. 42 and 74. Defendant’s argument that venue cannot be waived before it is made an issue by the pleadings is simply without merit. An objection to venue is cognizable following institution of suit. La.C.C.P. Art. 44. Plaintiffs original petition, upon being filed, was amenable to an exception of venue as, although the allegation was made therein, that the accident occurred in Lafayette Parish, defendant was certainly cognizant that he was a resident of St. Landry Parish and that the accident had actually occurred in that parish. The defendant failed to follow the statutory requirements of our Code of Civil Procedure, i.e., filing the declinatory exception of improper venue before answering. Venue was waived in this case.
For the above and foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant’s cost.
AFFIRMED.