YELVERTON, Judge.
This is an action of nullity of a judgment. The City Court of Lake Charles held that an earlier judgment rendered by it was null, and the latter judgment is on appeal.
The original suit, in which the allegedly null judgment was rendered, was a redhibition claim brought by Karen Ellender against Carl Williams in the City Court of Lake Charles.
Ellender was a resident of Ward 4 in Calcasieu Parish; Carl Williams was a resident of Ward 1; and the cause of action (the sale of a car) arose in Ward 1. The territorial jurisdiction of the City Court of Lake Charles is coterminous with the boundaries of Ward 3 of Calcasieu Parish. La.R.S. 13:1952.
Though served, Williams failed to answer, and a default judgment was rendered against him for $1,583.49.
By the present action Williams, now the plaintiff, sought the nullity of that judgment on the theory'that the City Court was without subject matter jurisdiction, a basis for nullity under La.C.C.P. arts. 2001 and 2002(3). The City Judge declared the judgment null and Karen Ellender appeals.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.C. C.P. art. 2. The subject matter jurisdiction of City Courts in this state is limited by the amount in dispute and by the nature of the proceeding. La.C.C.P. art. 4841. The civil jurisdiction of the City Court of Lake Charles is concurrent with the district court in cases where the amount in dispute does not exceed $10,000. La.C.C.P. art. 4843. Article 4847 of the Code of Civil Procedure limits city court jurisdiction by excluding certain types of cases or proceedings; a redhibition action involving automobiles is not on that list. Accordingly, Ellen-der’s suit, which sought $4,825 based on redhibition of the automobile, was within the subject matter jurisdiction of the City Court of Lake Charles.
The rules of venue provided in La.C. C.P. arts. 41 through 45, 71 through 79 and 81, and 121 through 124 apply to suits brought in city court. La.C.C.P. art. 4851.
Obviously, the territorial jurisdiction of the City Court of Lake Charles was not a place of proper venue.
Some venue provisions may not be waived, as pointed out by La.C.C.P. art. 44, and in such cases venue becomes jurisdictional. However, the present case does not involve jurisdictional venue, but a venue that can be waived. La.C.C.P. art. 44 provides that an objection to a waivable venue is waived by the failure of a defendant to plead the declinatory exception of venue. Randell v. Prince, 460 So.2d 96 (La.App. 3d Cir.1984). Williams failed to plead the exception and thereby waived the objection to venue.
*818 Since the city court had jurisdiction in the original suit, by virtue of the waiver of the objection of venue," and since the city court had subject matter jurisdiction of the case, the judgment rendered was not subject to a suit for nullity.
The judgment of nullity is reversed and the original judgment in favor of Ellender and against Williams is reinstated, the costs of this action both at the trial level and on appeal being charged to Carl Williams.
JUDGMENT OF NULLITY REVERSED; ORIGINAL JUDGMENT REINSTATED.