JUDE G. GRAVOIS, Judge.
| ¡¡Plaintiffs-appellants, Daniel and Roxanne Seghers, in this suit for damages resulting from personal injuries allegedly suffered by Mr. Seghers in a work-related accident, appeal the trial court’s granting of several of the defendants’ exceptions of improper venue and prescription. For the reasons that follow, we: (1) affirm the trial court’s judgment granting defendants La-Place Equipment Company, Inc., Colony Specialty Insurance Company, and James Bradley Oubre, Jr.’s exceptions of improper venue and prescription; (2) affirm the trial court’s judgment denying defendant Ashland Services, LLC’s exception of improper venue; (3) reverse the trial court’s judgment granting defendant Ashland Services, LLC’s exception of prescription; and (4) remand the matter to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are not in dispute. On July 12, 2011, plaintiff Daniel Seghers, a domiciliary of Jefferson Parish, was allegedly seriously injured while working for FCC Environmental, LLC (“FCC”) at the Rain CII LCarbon, LCC coke plant in Chalmette, St. Bernard Parish, Louisiana. The alleged cause of Mr. Seghers’ injuries was the malfunction or failure of high-pressure water equipment he was using at the time of his accident. Wilkins Calderone, an employee of Ashland Services, LLC (“Ashland”), was also injured in the accident. Mr. Seghers’ employer had rented the high-pressure water equipment from defendant LaPlace Equipment Company, Inc. (“LaPlace Equipment”).
On July 5, 2012, plaintiffs filed the subject petition for damages in St. Charles Parish against LaPlace Equipment, whose principal office was alleged to be in La-Place, St. John the Baptist Parish, and its foreign insurer, Colony Specialty Insurance Company (“Colony”); Stoneage, Inc. (“Stoneage”), a foreign corporation whose principal place of business was alleged to be in Durango, Colorado, and its foreign insurer, Hartford Insurance Company (“Hartford”); Ashland, a domestic corporation, alleged to be domiciled in Jefferson Parish; Mr. Calderone, alleged to be a resident of Marrero, Jefferson Parish; ABC Insurance, an unnamed foreign insurer of Ashland; and XYZ Manufacturing, an unnamed manufacturer of the alleged *68 defective high-pressure water equipment that allegedly caused Mr. Seghers’ injuries. In their petition, plaintiffs specifically requested that service of process be withheld as to all of the named defendants.[1]
On September 18, 2012, despite the fact that it had not yet been served with plaintiffs’ petition, Ashland filed an answer to the petition, generally denying the allegations of the same and asserting several affirmative defenses. Also on September 18, 2012, plaintiffs filed a motion to file a supplemental and amending petition, asserting in the motion that because service had been withheld on the original petition, no answers had yet been filed by the originally-named [ ¡¡defendants. The trial court granted plaintiffs’ motion on September 19, 2012, and on September 24, 2012, plaintiffs filed their “First Supplemental and Amending Petition Before Answer Served,” naming therein James Bradley Oubre, Jr. (“Mr. Oubre”) personally as a new, additional defendant, and alleging therein that he was a resident of Norco, St. Charles Parish, Louisiana, and a manager/employee of LaPlace Equipment.
On October 1, 2012, Ashland filed an amended answer to plaintiffs’ original petition, asserting therein a declinatory exception of improper venue and a peremptory exception of prescription. On October 29, 2012, Ashland filed an answer to plaintiffs’ first supplemental and amending petition, asserting therein exceptions of improper joinder of a party (Mr. Oubre), improper venue, and prescription.[2] On November 5, 2012, LaPlace Equipment, Colony, and Mr. Oubre jointly filed a declinatory exception of improper venue and a peremptory exception of prescription. Plaintiffs thereafter filed oppositions to all of the exceptions. On January 7, 2013, the trial court held a contradictory hearing on the exceptions. At the hearing, the parties argued their respective positions and introduced evidence in support thereof. After taking the matter under advisement, the trial court issued a judgment on January 25, 2013 granting the exceptions of improper venue and prescription filed by LaPlace Equipment, Colony, and Mr. Oubre, denying Ashland’s exception of improper venue, and granting Ashland’s exception of prescription. Plaintiffs moved for a new trial, which was denied. This timely appeal followed.
|fiOn appeal, in their assignments of error, plaintiffs contend that the trial court erred:
1. in finding (a) that Mr. Oubre’s domicile was not St. Charles Parish when the suit was filed, or alternatively, (b) that La. C.C.P. art. 71’s exception to the general venue articles did not apply in this case;
2. in granting the exceptions of prescription where venue had been waived by multiple answers; and
3. alternatively, in not transferring the suit to a court of proper venue.
Because plaintiffs’ assignments of error necessarily require consideration of various related and overlapping issues of fact and law involved in this case, we will address the assignments within our discus *69 sion and resolution of the hereinafter particularly-identified issues.

1. As it relates to the trial court’s grant of the exception of improper venue Med by LaPlace Equipment, Colony, and Mr. Oubre, did the trial court err in finding as a matter of fact that Mr. Oubre was domiciled in St. John the Baptist Parish at the time plaintiffs’ suit was filed?

In support of their contention that the trial court erred in granting the exception of improper venue filed by LaPlace Equipment, Colony, and Mr. Oubre, plaintiffs first argue that the trial court erred in finding as a matter of fact that Mr. Oubre was domiciled in St. John the Baptist Parish at the time plaintiffs’ suit was filed. Plaintiffs further argue, alternatively, that the trial court erred in not applying La. C.C.P. art. 71’s exception to the general venue rules to find that Mr. Oubre could still be sued in St. Charles Parish, as he allegedly had changed his domicile from St. Charles Parish to St. John the Baptist Parish within one year immediately prior to plaintiffs’ suit being filed. Finally, plaintiffs argue that the evidence presented at the hearing on the exceptions “at the very least creates a genuine issue of material fact” as to whether Mr. Oubre had moved from St. Charles Parish more than one year immediately prior to plaintiffs’ suit being filed.
17Venue is a question of law, which is reviewed de novo by the appellate court. In re Medical Review Panel Proceedings for the Claim of Tinoco, 03-0272 (La.App. 4 Cir. 9/17/03), 858 So.2d 99, 103.
If grounds for an objection of improper venue do not appear on the face of the plaintiffs petition, the burden of proof is on the defendant to offer evidence in support of his position. La. C.C.P. art. 930; Jewell v. Dudley L. Moore Insurance Co., 95-2453 (La.App. 1 Cir. 6/28/96), 676 So.2d 223, 225; See also Michael F. Smith, CPA v. Alford, 04-0586 (La.App. 1 Cir. 3/24/05), 906 So.2d 674. If evidence is admitted at such a hearing, the exceptions must be resolved on the evidence presented, rather than on the allegations in the petition. Exposition Partner, L.L.P. v. King, LeBlanc Bland, L.L.P., 03-0580 (La.App. 4 Cir. 3/10/04), 869 So.2d 934, 941.
The general rules of venue as to a particular defendant are found in La. C.C.P. art. 42.[3] Louisiana Code of Civil Proce *70 dure article 43, on the other hand, provides that the general venue rules in Article 42 are subject to the exceptions provided in La. C.C.P. arts. 71 through 85, inclusive, and as otherwise provided by law. Clarendon Nat. Ins. Co. v. Carter, 39,622 (La.App. 2 Cir. 05/11/05), 902 So.2d 1142, writ denied, 05-1567 (La.01/27/06), 922 So.2d 544.
1 ^Louisiana Code of Civil Procedure article 73, one of the exceptions to the general venue rules, provides that an action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant. A plaintiff invoking the provisions of Article 73 must allege sufficient facts to prove that the chosen venue is the proper venue for at least one of the joint or solidary obligors. Additionally, the plaintiff is also required to allege facts showing that the various defendants are in fact jointly or solidarily obligated. Strasner v. State, 99-1099 (La.App. 1 Cir. 6/23/00), 762 So.2d 1206, 1211.
In the present case, the record is clear that plaintiffs, domiciliaries of Jefferson Parish, filed suit in St. Charles Parish on July 5, 2012 against the aforementioned originally-named defendants, none of whose domicile or principal place of business was alleged to be in St. Charles Parish. Further, plaintiffs alleged that Mr. Seghers was injured in St. Bernard Parish. Thus, the allegations contained in the original petition failed to disclose any connection or relationship of the matter or the parties to St. Charles Parish. Accordingly, the original petition failed to disclose any basis for proper venue of the suit to be St. Charles Parish, according to La. C.C.P. art. 42.
The record is also clear that service of process of the original petition was withheld as to all of the originally-named defendants, and that none of them were actually served within the applicable prescriptive period.[4] Accordingly, pursuant to La. C.C. art. 3462,[5] the filing of the petition in a court of improper venue did not 19serve to interrupt the applicable one-year prescriptive period in this case for plaintiffs’ personal injury claims.
Plaintiffs argue, however, that the filing of their supplemental and amending petition on September 24, 2012, adding Mr. Oubre personally as a party-defendant, and alleging therein that he was a manager/employee of LaPlace Equipment, that he allegedly personally inspected and maintained “the equipment available for commercial rental,” and that he was a resident of Norco, St. Charles Parish, Louisiana, “cured” the improper venue allegations made in their original petition, because Mr. Oubre was domiciled in St. Charles Parish, either when plaintiffs’ suit was filed, or alternatively, within one year immediately prior thereto, and thus, La. *71 C.C.P. art. 71’s exception to the general venue articles applies to this case.[6]

Domicile of Mr. Oubre

In support of their position that Mr. Oubre was domiciled in St. Charles Parish, either at the time plaintiffs’ original petition was filed, or within one year immediately prior thereto, plaintiffs introduced evidence at the hearing consisting of printouts of entries that appear to have been found on several Internet websites, including “whitepages.com,” “411.com,” and “yp.com,” that purportedly list a particular Norco address in St. Charles Parish for Mr. Oubre as of December 27, 2012. Plaintiffs also introduced an Act of Donation from Mr. Oubre to his ex-wife Jill dated August 5, 2012, whereby he conveyed his ownership interest in and to that particular Norco property to Ms. Oubre.
Mr. Oubre countered by introducing evidence at the hearing to show that he was not domiciled in St. Charles Parish at all times relevant hereto. First, Mr. Oubre filed an affidavit wherein he attested that he had been residing at a Main |inStreet address in LaPlace, St. John the Baptist Parish, prior to July 5, 2012, the date plaintiffs’ suit was filed. He further introduced evidence of his 2006 purchase of the Main Street property in LaPlace. He also introduced utility bills from Comcast (cable), Atmos Energy (gas), and Entergy (electricity) showing that he had utility service at the LaPlace Main Street residence in December of 2011 and January of 2012. He further introduced a statement from his homeowners’ association for his LaPlace residence showing that he was assessed and paid association dues for the fourth quarter of 2011, as well as the first quarter of 2012. He also introduced a Consent Judgment from his divorce proceeding with his ex-wife Jill indicating that she was awarded exclusive use of the Nor-co homesite as of September 29, 2010.
In its judgment, the trial court found that the evidence introduced at the hearing on the exceptions supported the conclusion that Mr. Oubre was domiciled in St. John the Baptist Parish at the time plaintiffs’ suit was filed. Upon review, we find no error in the trial court conclusion in this regard. Plaintiffs’ “evidence” introduced at the hearing consisted of entries from “public” Internet websites, the veracity of which was not proven. The Act of Donation plaintiffs introduced, showing that Mr. Oubre transferred his interest in the parties’ former homesite to his ex-wife on August 15, 2012 pursuant to the Consent Judgment between the parties rendered on September 29, 2010 (but not signed until August 19, 2011) introduced by Mr. Oubre, proves only the date of that transfer and does not tend to prove, one way or another, Mr. Oubre’s domicile as of that time.[7]

Applicability of La. C.C.P. art. 71

Plaintiffs also argue that La. C.C.P. art. 71’s exception to the general venue rules applies in this case. That article allows for an action against an individual |nwho has changed his domicile from one parish to another to be brought in either parish for a period of one year from the date of the change. However, upon review, we find that the evidence introduced by plaintiffs at the hearing on the excep *72 tions, as detailed above, did not bear on any issue other than Mr. Oubre’s alleged domicile as of the date plaintiffs’ suit was filed. Further, the Consent Judgment introduced by Mr. Oubre confirms that Ms. Oubre was awarded exclusive use of the Norco homesite as of September 29, 2010, which is more than one year prior to when plaintiffs’ suit was filed. Thus, plaintiffs’ arguments on this issue are without merit.

Applicability of La. C.C.P. art. 1153

Plaintiffs also argue that their supplemental and amending petition relates back to the filing of the original petition, pursuant to La. C.C.P. art. 1153, which provides that when the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.[8] The fact that it has been found that Mr. Oubre was not in fact domiciled in St. Charles Parish at the time plaintiffs’ suit was filed, nor within one year immediately prior thereto, is fatal to plaintiffs’ argument that their supplemental and amending petition should relate back, as it too was filed in an improper venue. Thus, plaintiffs’ arguments on this issue are without merit.

Effect of adding Mr. Oubre personally as a party-defendant

Additionally, plaintiffs argue that the amended petition that added Mr. Ou-bre personally as a party-defendant alleging that he was the manager/employee 1 1!8of LaPlace Equipment[9] and that he personally inspected and maintained “the equipment available for commercial rental,” establishes that Mr. Oubre owed a duty of personal care towards Mr. Seghers, such that he should be liable personally for the corporation’s negligence. Plaintiffs further assert that “due to an administrative error,” Mr. Oubre was not included as a party-defendant in the original petition. In opposition to these arguments, Mr. Ou-bre submitted a second affidavit wherein he attested that he was the President of LaPlace Equipment, and that he did not personally or specifically select the subject equipment for rental, nor was he personally involved in the subject rental. The trial court’s written judgment fails to specifically address this issue.
Upon review, we find no merit to plaintiffs’ argument on this issue. This is not a case of a substituted or misnamed defendant, such as was addressed in Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins., 434 So.2d 1083 (La.1983), cited by plaintiffs. Here, plaintiffs added a new, additional defendant to the suit, Mr. Oubre, in his individual capacity, who was alleged to be the manager/employee of La-Place Equipment.
 Juridical persons, such as corporations and limited liability companies, are distinct from their members. La. C.C. art. 24. Due to the beneficial role of the corporate concept, the limited liability attendant to corporate ownership should be disregarded only in exceptional circumstances. As this Court has previously held:
Before the corporate entity is disregarded on the basis it is simply the alter ego *73 of the member, proof of fraud or deceit is usually required. The corporate entity may also be disregarded when the individualities of the corporation and member cease to exist. (Citations omitted.)
Prasad v. Bullard, 10-291 (La.App. 5 Cir. 10/12/10), 51 So.3d 35, 40. Plaintiffs’ petition, as amended, does not allege fraud or deceit, nor does it assert facts that | ^suggest that Mr. Oubre had a personal duty towards Mr. Seghers separate from his corporate duties. Additionally, Mr. Ou-bre attested in his second affidavit that he did not personally select the equipment that was rented to Mr. Seghers’ employer, nor was he directly involved in the subject rental. Thus, there is no factual basis in plaintiffs’ petition, as amended, upon which to ignore the corporate identity in this case. Thus, plaintiffs’ arguments on this issue are without merit.

Notice of claim to Mr. Oubre

Additionally, plaintiffs argue that Mr. Oubre was put on notice that the original suit had been filed, and thus was not prejudiced by later being named personally as a defendant in the suit after the prescriptive period had elapsed. We note, however, as did the trial court, that La-Place Equipment and its insurer were not served with citation and process in this suit until October of 2012, well after the expiration of the prescriptive period. Thus, plaintiffs’ arguments on this issue are without merit.
Plaintiffs also argue that Mr. Oubre should have been placed on notice that a suit could be brought against him personally as a result of a pre-suit letter that was sent by plaintiffs’ counsel to a Mr. Jerry Koff of Colony (LaPlace Equipment’s insurer) dated April 26, 2012 requesting a response from Colony to plaintiffs’ settlement offer.[10] While this letter appears to relate to a pending claim against LaPlace Equipment, there is nothing in this letter that would put anyone on notice that a suit could be filed against Mr. Oubre in his personal capacity. Accordingly, we find no merit to plaintiffs’ argument on this issue.

Creation of a material issue of fact

Finally, plaintiffs also argue that the totality of the evidence introduced at the hearing “at the very least creates a material issue of fact as to whether [Mr. 114Oubre] vacated his admitted premises in St. Charles Parish more than a year prior to filing the lawsuit.” Material issues of fact, appropriately considered in the context of a motion for summary judgment, are not appropriately considered in the context of an exception of improper venue.

Conclusion

Accordingly, for the reasons set forth above, the trial court’s judgment granting the exception of improper venue filed by LaPlace Equipment, Colony, and Mr. Ou-bre is hereby affirmed.

2. Did the trial court err in granting LaPlace Equipment, Colong, and Mr. Oubre’s exception of prescription?

Plaintiffs also contend that the trial court erred in granting LaPlace Equipment, Colony, and Mr. Oubre’s peremptory exception of prescription. As it has been found that Mr. Oubre was domiciled in St. John the Baptist Parish at the time plaintiffs’ suit was filed, and for more than one year prior thereto, it follows that, pursuant to La. C.C. art. 3462, since plaintiffs’ suit against these defendants was not commenced in a court of competent venue and because none of these defendants were *74 actually served by process within the applicable prescriptive period (one year from Mr. Seghers’ accident), the trial court properly granted the exception of prescription filed by these defendants.

3. Did the trial court err in granting Ashland’s exception of prescription?

Plaintiffs also contend that the trial court erred in granting Ashland’s exception of prescription “where venue had been waived by multiple answers.” Here, plaintiffs argue that Ashland waived the improper venue by answering plaintiffs’ original petition prior to filing their exception of improper venue.[11]
|1sUpon review, we find that plaintiffs are correct that, pursuant to La. C.C.P. art. 928,[12] Ashland waived the improper venue by answering plaintiffs’ original petition prior to filing its declinatory exception of improper venue. The trial court agreed with plaintiffs’ arguments on this issue, and properly denied Ashland’s exception of improper venue. Plaintiffs thus argue that since Ashland waived any objections it may have had as to venue by filing its answer prior to filing its exception of improper venue, it cannot raise improper venue for the first time by excepting to the supplemental and amending petition filed by plaintiffs, citing Randell v. Prince, 460 So.2d 96 (La.App. 3 Cir.1984). Upon review, we agree with plaintiffs’ arguments that, as the court found in Randell, “venue is waivable in all cases, except those actions where venue is made jurisdictional by specific articles of our Code of Civil Procedure, and that all objections to venue are raised by the declinatory exception which shall be filed before the answer.” Randell, 460 So.2d at 97 (citing Stutts v. Liberty Mutual Insurance Co., 416 So.2d 1326 (La.App. 3 Cir.1982), and La. C.C.P. arts. 44, 925, and 928). As similarly found in Randell, it is evident that a timely filed exception to venue by Ashland would have been maintained in this case. As noted above, plaintiffs’ original petition, upon being filed, was amenable to an exception of venue, as the allegations contained in the original petition failed to disclose any connection or relationship of the matter or the parties to St. Charles Parish. Accordingly, the original petition failed to disclose any basis for proper venue of the suit to be St. Charles Parish, according to La. C.C.P. art. 42. As Ashland failed to follow the statutory requirements of our Code of Civil Procedure, ie., filing the declinatory exception of improper venue before answering, Ashland waived venue in this case.
|1fiAs Ashland waived the improper venue in this case by filing an answer to plaintiffs’ original petition prior to filing its exception of improper venue, we find that venue is thus to be considered proper in this case as to Ashland. As such, pursuant to La. C.C. art. 3462, since suit against Ashland was commenced in a court of competent jurisdiction and proper venue, the trial court erred in granting Ashland’s ex *75 ception of prescription.[13] Accordingly, the trial court’s judgment granting Ashland’s peremptory exception of prescription is hereby reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

4. Should the trial court have transferred plaintiffs’ suit to a court of proper venue?

Plaintiffs also contend, alternatively, that even if the trial court properly granted LaPlace Equipment, Colony and Mr. Oubre’s exception of improper venue, it should not have dismissed plaintiffs’ claims against these defendants, but rather should have transferred plaintiffs’ suit to a court of proper venue, particularly St. John the Baptist Parish, since Mr. Oubre was purportedly then domiciled in St. John the Baptist Parish. Plaintiffs argue that they did not knowingly file their suit in the wrong venue, but rather made good faith, diligent efforts to ascertain Mr. Oubre’s personal address and domicile, which appeared to them at that time to be St. Charles Parish.
Upon review, we disagree with plaintiffs arguments on this issue. Plaintiffs’ argument here ignores the fact that, as found herein, the claims asserted in plaintiffs’ original petition (which as noted above did not name Mr. Oubre personally as a party-defendant) prescribed because the petition was filed in a court of improper venue and none of the originally-named defendants were served with | ^citation and service of process within the applicable prescriptive period. As previously found herein, the filing of the amended petition after the prescriptive period had elapsed did not revive plaintiffs’ already-prescribed suit as to these defendants. Accordingly, since plaintiffs’ suit had already prescribed as to LaPlace Equipment, Colony, and Mr. Ou-bre, the trial court did not err in not transferring the suit to a court of proper venue.

CONCLUSION

For the reasons assigned herein, we hereby: (1) affirm the trial court’s judgment granting defendants LaPlace Equipment Company, Inc., Colony Specialty Insurance Company, and James Bradley Oubre, Jr.’s exceptions of improper venue and prescription; (2) affirm the trial court’s judgment denying defendant Ash-land Services, LLC’s exception of improper venue; (3) reverse the trial court’s judgment granting defendant Ashland Services, LLC’s exception of prescription; and (4) remand the matter to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. On July 24, 2012, Mr. Seghers' employer, FCC, and its workers' compensation insurer intervened in the suit, seeking recovery of workers' compensation benefits paid to Mr. Seghers as a result of the subject accident; the intervention, however, is not at issue in this appeal.

. On October 30, 2012, defendants Stoneage and Hartford answered plaintiffs' original and supplemental and amending petitions. Stoneage and Hartford did not except to plaintiffs’ petitions and thus are not involved in this appeal.

. La. C.C.P. art. 42 provides:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence.
(2) A domestic corporation, a domestic insurer, or a domestic limited liability company shall be brought in the parish where its registered office is located.
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
(4) A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.
(5) A foreign corporation or a foreign limited liability company not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in the parish of the plaintiffs domicile or in a parish where the process may be, and subsequently is, served on the defendant.
(6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the *70 service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.
(7) A foreign or alien insurer shall be brought in the parish of East Baton Rouge.

. Plaintiff was injured on July 5, 2011. The judgment under review on appeal states that LaPlace Equipment was not served until October 8, 2012, Colony was not served until October 3, 2012, and Ashland was not served until October 15, 2012, all of which are well past the one-year prescriptive period in this case.

. La. C.C. art. 3462 provides, in pertinent part: "Prescription is interrupted ... when the obligee commences action against the ob-ligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”

. La. C.C.P. art. 71 provides: "An action against an individual who has changed his domicile from one parish to another may be brought in either parish for a period of one year from the date of the change, unless he has filed a declaration of intention to change his domicile, in the manner provided by law.”

. At the hearing on the exceptions, the trial judge informed the parties that he had presided over Mr. and Mrs. Oubre's divorce proceeding several years earlier and was fully aware of the proceedings conducted in that matter.

. La. C.C.P. art. 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.”

. We note that plaintiffs’ appellate brief alleges that Mr. Oubre was the "president/director’' of LaPlace Equipment, which is different from the allegations made in plaintiffs' supplemental and amending petition.

. The letter in question is addressed to Colony only.

. Louisiana law is clear that waiver of venue by one defendant does not preclude another defendant from objecting to venue. See Spott v. Otis Elevator Company, 601 So.2d 1355, 1360 (La.1992).

. La. C.C.P. art. 928(A) provides, in pertinent part: "The declinatory exception ... shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the non-residence of the defendant, and in any event, prior to the confirmation of a default judgment.”

. We note that Ashland filed an answer to the original petition prior to filing a declinato-ry exception to that petition. However, regarding plaintiffs’ supplemental and amending petition, which added a new defendant, Ashland filed an exception of improper join-der of Mr. Oubre in its answer thereto, which is proper under La. C.C.P. art. 928, as well as exceptions of improper venue and prescription.