MICHAEL D'AQUIN

VERSUS

GARCIA ROOFING REPLACEMENT, LLC

NO. 23-C-604

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 843-102, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING


January 31, 2024


**SCOTT U. SCHLEGEL**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
John J. Molaison, Jr., and Scott U. Schlegel


**WRIT DENIED; DEFENDANT**
**GARCIA ROOFING'S REQUEST**
**FOR SANCTIONS DENIED**
    **SUS**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
MICHAEL D'AQUIN
    George R. Ketry, Jr.
    Richard J. Richthofen, Jr.

COUNSEL FOR DEFENDANT/RESPONDENT,
GARCIA ROOFING REPLACEMENT, LLC
    Craig L. Kaster
    Teresa D. Cop
    Nancy A. Richeaux

**SCHLEGEL, J.**

Plaintiff, Michael D'Aquin, seeks review of the trial court's November 6, 2023 judgment granting the exception of improper venue filed by defendant, Garcia Roofing Replacement, LLC, and transferring the matter to Zachary City Court in East Baton Rouge Parish. For reasons stated more fully below, we deny Mr. D'Aquin's writ application.

This matter involves the validity of a forum selection clause contained in a contract entered into between Mr. D'Aquin and Garcia Roofing to install a new roof after Mr. D'Aquin's home sustained damages following Hurricane Ida. The forum selection clause provides, in pertinent part, as follows:

> 3. The parties agree any dispute arising out of or related to this Agreement shall be decided in accordance with the laws of Louisiana and agree to venue and jurisdiction in Zachary City Court for all disputes $35,000.00 or less and agree to venue and jurisdiction in the 20th Judicial District Court, East Feliciana Parish, for all disputes in excess of $35,000.00.[1]

Mr. D'Aquin filed this lawsuit on July 18, 2023, in the Twenty-Fourth Judicial District Court in Jefferson Parish, asserting claims against Garcia Roofing for breach of contract, negligence, detrimental reliance and violations of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401 *et. seq.*, based on Garcia Roofing's alleged failure to properly install the roof. In response, Garcia Roofing filed an exception of lis pendens, and an alternative exception of improper venue based on the forum selection clause in the roofing contact.[2] In opposition to the exception of improper venue, Mr. D'Aquin argued that the forum selection clause violates La. C.C.P. art. 44(A), which provides that an "objection to the venue may

---

[1] The cost to install the new roof agreed to by the parties in the roofing contract was $29,477.38.

[2] In its exception of lis pendens, Garcia Roofing explained that it obtained a default judgment against Mr. D'Aquin in Zachary City Court for the unpaid amount due under the roofing contract and Mr. D'Aquin filed an appeal currently pending in the Louisiana First Circuit Court of Appeal.

23-C-604                                          1

not be waived prior to the institution of the action." He also argued that the forum selection clause should not be enforced because it is a contract of adhesion.

Venue is a question of law, which is reviewed *de novo* by the appellate court. *Seghers v. LaPlace Equip. Co., Inc.*, 13-350 (La. App. 5 Cir. 2/12/14), 136 So.3d 64, 69. For purposes of a venue exception, the allegations in the plaintiff's petition are taken as true; however, when evidence is offered at a trial on the exception, the court is not bound to accept as true the allegations of the petition. *Ameriprint LLC v. Canon Solution Services, LLC*, 21-94, p. 3 (La. App. 5 Cir. 5/24/21), 2021 WL 2093283.[3]

In *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 13-1977 (La. 7/1/14), 148 So.3d 871, 881, the Louisiana Supreme Court held that "[c]ontractual forum selection clauses are *prima facie* valid" and "should be enforced in Louisiana unless the resisting party can 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching ... [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'" (*quoting Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)); *see also Creekstone Juban I, L.L.C. v. XL Ins. Am., Inc.*, 18-748 (La. 5/8/19), 282 So.3d 1042, 1048, wherein the Louisiana Supreme Court re-emphasized that forum selection clauses are enforceable, except in very limited circumstances delineated by the Louisiana legislature.

First, with respect to Mr. D'Aquin's argument that the forum selection clause violates La. C.C.P. art. 44(A), the Louisiana Supreme Court rejected this

---

[3] Mr. D'Aquin attached a copy of the contract containing the forum selection clause as an exhibit to his petition and therefore, it can be considered as part of the facts pled in the petition. *See Donnaud's, Inc. v. Gulf Coast Bank and Trust Co.*, 03-427 (La. App. 5 Cir. 9/16/03), 858 So.3d 4, 6, *writ denied*, 03-2862 (La. 1/9/04), 862 So.2d 985. Mr. D'Aquin provided a copy of the petition with his writ application, but failed to provide the exhibits he attached. However, in its opposition to the writ application, Garcia Roofing noted Mr. D'Aquin's failure to include the exhibits and provided a copy of the roofing contract containing the forum selection clause at issue, which is Exhibit A to the petition.

position in *Shelter*, 148 So.3d at 879-80, and determined that Article 44(A) did not prohibit "parties from contracting in advance of litigation that suits arising out of that contract must be brought in a specific venue."

Further, while Mr. D'Aquin incorrectly references to an arbitration clause in his writ application, it appears that he intends to argue that the forum selection clause is a contract of adhesion because it is "buried" in the agreement and the font is small. He also argues that Garcia Roofing had a superior bargaining position at the time of entering into the contract at issue because he needed to repair the hurricane damage to his roof as soon as possible. In response, Garcia Roofing argues that Mr. D'Aquin's argument that he was under time constraints is without merit because the parties did not enter into the roofing contract until November 21, 2021, 11 weeks after Hurricane Ida. Garcia Roofing also argues that the roofing contract at issue is only two pages and the forum selection clause is not hidden and is in the same type as all other provisions on the signature page of the contract.

A contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. *Aguillard v. Auction Mgmt. Corp.*, 04-2804, 04-2857 (La. 6/29/05), 908 So.2d 1, 8-9. The seminal issue in a contract of adhesion analysis is not the standard form of the contract, but rather whether a party truly consented to all the printed terms. *Id*; *Kowski v. Five Properties, LLC*, 23-87 (La. App. 5 Cir. 5/24/23), 366 So.3d 1262, 1264. Once consent is called into question, the party seeking to invalidate the contract as adhesionary must then demonstrate the non-drafting party either did not consent to the terms in dispute or his consent was vitiated by error, which in turn renders the contract or provision unenforceable. *Aguillard*, 908 So.2d at 10.

In *Aguillard*, the Louisiana Supreme Court considered whether an arbitration clause was an adhesionary contract. In finding that the clause was enforceable, the

court reasoned that while the language was in small font, it did not differ from any other print or font in the contract. *Id.* at 16. The court also observed that the contract was only a two-page document, the provision was contained in a single sentence, it was not concealed in any way, and the complaining party could have attempted to negotiate the terms. *Id.* at 16-17. The *Aguillard* court further recognized that "not every contract in standard form may be regarded as a contract of adhesion." *Id.* at 10.

Similarly, in the present matter, the roofing contract is only two pages and the font of the forum selection clause is the same as all other provisions. Further, Mr. D'Aquin failed to introduce any evidence to support his argument to invalidate the forum selection clause and he did not raise any facts regarding this issue in his petition. It is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him. Accordingly, we find that Mr. D'Aquin failed to show, with alleged facts or evidence, that enforcement of the forum selection clause would be unreasonable or unjust, or that enforcement would contravene a public policy or law of the State of Louisiana.

Mr. D'Aquin finally argues in his writ application that the forum selection clause is unenforceable under La. R.S. 51:1407(A) contained in the Louisiana Unfair Trade Practices Act. However, he did not raise this argument with the trial court. As a general rule, appellate courts do not consider issues that were not raised with the trial court for the first time on appeal. *See* Uniform Rules — Courts of Appeal, Rule 1-3; *Lepine v. Lepine*, 17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 673. Furthermore, in *Shelter*, 148 So.3d at 881, the Louisiana Supreme Court stated that the prohibition on forum selection clauses in La. R.S. 51:1407(A) is "limited in scope to transactions or interactions between out-of-state, professional

telephone solicitors and Louisiana residents." Mr. D'Aquin alleged in his petition that Garcia Roofing is a Louisiana limited liability company, and therefore, this provision does not apply to the contract at issue.

Finally, we address Garcia Roofing's answer to the writ application asking this Court to award it damages, including attorney's fees, against Mr. D'Aquin pursuant to La. C.C.P. art. 2164 for filing a frivolous writ application. La. C.C.P. art. 2164 provides that the "court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable." La. C.C.P. art. 2164 is penal in nature and must be strictly construed. *Alombro v. Alfortish*, 02-1081 (La. App. 5 Cir. 4/29/03), 845 So.2d 1162, 1170, *writ denied*, 03-1947 (La. 10/31/03), 857 So.2d 486. An appellate court may award damages for a frivolous appeal or writ application under La. C.C.P art. 2164 when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. *Id.* An appeal is not automatically deemed frivolous simply because it lacks merit. *Id.*

After considering the writ application, answer to the writ application, and opposition brief filed by the parties, we do not find that the present matter meets the requirements of a frivolous writ application and therefore, we decline to award sanctions under La. C.C.P. art. 2164.

For the reasons stated above, we deny plaintiff Michael D'Aquin's writ application and defendant Garcia Roofing Replacement, LLC's request for sanctions.

**WRIT DENIED; DEFENDANT GARCIA ROOFING'S REQUEST FOR SANCTIONS DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JANUARY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-604

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
TERESA D. COP (RESPONDENT)

### MAILED
GEORGE R. KETRY, JR. (RELATOR)
ATTORNEY AT LAW
19524 HIGHWAY 36
COVINGTON, LA 70433

RICHARD J. RICHTHOFEN, JR. (RELATOR)
ATTORNEY AT LAW
3900 CANAL STREET
NEW ORLEANS, LA 70119

CRAIG L. KASTER (RESPONDENT)
NANCY A. RICHEAUX (RESPONDENT)
ATTORNEYS AT LAW
POST OFFICE BOX 815
1215 INDEPENDENCE BLVD.
BUILDING 4 SUITE B
ZACHARY, LA 70791